UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

**ACCIDENT INSURANCE COMPANY, INC.**   CIVIL ACTION NO.: 6:12-cv-387

v.   JUDGE DOHERTY

**BENJAMIN B. BLANCHET, ET. AL.**   MAGISTRATE HANNA

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS OR ALTERNATIVELY,
MOTION TO STAY ACTION**

MAY IT PLEASE THE COURT:

I.   **Introduction:**

Defendants, Boudreaux and HSB are right now litigating the facts at the heart of this Federal Declaratory Judgment action in the State Court in the adjoining Parish of Vermilion.  Boudreaux and HSB were sued in the underlying State Court case on September 10, 2012 in connection with the design and construction of a major addition to co-defendants, Benjamin and Anne Blanchet's historic home, the design and construction of a children's wing and the restoration of the historic home.  The State Court litigation already has been pending for seven months.  Boudreaux and HSB tendered the claim to Accident Insurance Company, Inc. ("Accident"), under its commercial general liability policy issued by Accident.  Accident has now filed this Declaratory relief action in Federal Court based solely on diversity jurisdiction, seeking a determination of its duty to indemnify Boudreaux and HSB.

Although the existence of another remedy does not necessarily preclude the rendition of a declaratory judgment by a federal court [see Fed. R. Civ. P. 57], federal

courts have the right and duty to exercise discretion concerning whether they should dismiss or stay a federal court declaratory relief action when another action covering the same dispute is pending in state court. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282-283, 115 S.Ct. 2137, 132 L.Ed. 2d 214 (1995). Indeed, as long ago as 1942, the U.S. Supreme Court noted that when, in anticipation of a suit on the policy, an insurer often attempts to preempt that suit with a federal court declaratory relief action. The court stated that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). That is the exact situation presented to this court in this action.

Federal courts may dismiss or abstain from deciding a case, particularly a declaratory relief action, under the federal abstention doctrine. Where, as here, there are overlapping factual issues to be decided, where there is a danger of inconsistent results, and where it is more economical and efficient to have the matters at issue tried in, or tried in a case coordinated with, the pending state court action, abstention is not only prudent, but it is necessary. Accident should not be allowed to forum shop, nor to gain precedence over the long-standing state court action. Boudreaux and HSB seek dismissal of the instant lawsuit because plaintiff cannot meet the essential elements for declaratory relief under the Declaratory Judgment Act, 28 U.S.C.A. §2201, and fails to state a claim on which relief can be granted. Plaintiff can assert in the litigation between the parties that is pending in the state court action all of the issues on which it seeks either declaratory or affirmative relief in this court. As a result, plaintiff's declaratory complaint fails to state a

claim for relief under the Declaratory Judgment Act, 28 U.S.C.A. §2201. Boudreaux and HSB alternatively request that the Court stay these proceedings (addressing the duty to indemnify) until liability in the underlying state court action is resolved.

### A. The Underlying State Court Action and this Diversity-based Claim for Declaratory Relief on Accident's Duty to Indemnity.

On September 10, 2012, Benjamin and Anne Blanchet sued Boudreaux and HSB in the Fifteenth Judicial District Court, Parish of Vermilion, State of Louisiana (the underlying state court action) alleging several causes of action, to include defective design, negligent and defective construction, negligent supervision, breach of contract and unjust enrichment (the "underlying claim"). (See Petition for Damages and Declaratory Relief attached as Exhibit A to the Complaint, Doc 1-2.) The state court suit seeks damages and relates to Boudreaux's work as an architect and HSB's work as general contractor in the design and construction of a project to build an addition to the Blanchets' historic home, construct a children's wing and restore the historic home. The Blanchets' Petition names ABC Insurance Company as a party defendant. Boudreaux and HSB tendered the claims asserted in the lawsuit to Accident. Accident agreed to defend Boudreaux and HSB, subject to a reservation of rights. On February 21, 2013, Accident filed this declaratory relief action, alleging diversity jurisdiction. Specifically, Accident seeks a judicial determination that it does not owe Boudreaux and HSB a duty to defend and indemnify it for the allegations made by Benjamin and Anne Blanchet in the underlying state court action.

Accident's declaratory relief claim asserts the underlying claim is not covered for several reasons. First, Accident contends that the policy does not provide coverage for

claims of damages arising from Boudreaux's work or product. Second, Accident contends that the policy does not cover charges for professional services rendered by Boudreaux. Third, Accident alleges that the policy does not provide coverage for claims for emotional distress. Boudreaux and HSB contend that the underlying claim is covered and that Accident's cited policy arguments do not apply. One thing is certain, resolution of these coverage issues require a factual determination of (1) what acts and omissions did and did not occur, when and by whom; (2) what items and types of damages occurred; (3) which acts or omissions caused or contributed to the breaches asserted by the Blanchets and the damages asserted by them, in the whole or in part. All of these matters currently are being determined in the underlying state court action.

## B. The Court Should Dismiss, or Alternatively Stay This Action Under The *Brillhart* Discretionary Abstention Doctrine.

Federal courts are authorized to hear declaratory judgment actions under the Declaratory Judgment Act, which provides:

> In a case of actual controversy within its jurisdiction, ...any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. 28 U.S.C. §2201(a) (emphasis added)

The Supreme Court in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942) noted that although a district court *may* exercise jurisdiction, it has discretion not to do so.

> Where a district court is presented with a claim such as was made here, it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court

*Brillhart*, 316 U.S. at 495.

4

In *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), the Supreme Court observed that "By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants....In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288.

In analyzing whether to decide or dismiss a declaratory judgment suit, the district court must determine: (1) whether the declaratory action is justifiable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5thCir. 2000) and the *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003).

In the Fifth Circuit, the test to shape the *Brillhart* analysis in determining whether to decide or dismiss a declaratory action was enunciated in *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590,91 (5th Cir. 1994). In *Trejo*, the court identified seven non-exclusive factors to consider in deciding whether to dismiss a declaratory judgment action. These factors are:

1. whether there is a pending state action in which all of the matters in controversy may be fully litigated;
2. whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
3. whether the plaintiff engaged in forum shopping in bringing the suit;
4. whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
5. whether the federal court is a convenient forum for the parties and witnesses;

6. whether retaining the lawsuit would serve the purposes of judicial economy; and

7. whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

### C. The First Factor, The Existence of a State Action in Which All of The Matters in Controversy May Be Fully Litigated, Weighs in Favor of Dismissal or Stay

The first factor examines "whether there is a pending state action in which all of the matters in controversy <u>may</u> be fully litigated.... *Trejo*, 39 F.3d @ 590 (emphasis added). In analyzing this factor, after examining several circuits' *Brillhart* test, the Fifth Circuit concluded:

> In *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383 (5th Cir. 2003), the Fifth Circuit concluded: "Each circuit's test emphasizes that if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Sherwin-Williams Co.*, 343 F.3d at 390-91. As the Supreme court noted in *Wilton*: "We note that where the basis for declining to proceed is the pendency of a state court proceeding, *a stay will often be the preferable course*, because it assures the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Wilton*, 515 U.S. at 288 n.2 (emphasis added); *see also Granite State Ins. Co. v. Tandy Corp.*, 986 F.2d 94 (5th Cir. 1992) (affirming order staying federal declaratory relief action brought by insurer under *Brillhart* pending resolution of state court action on merits).

The underlying state court action seeks a determination of whether Boudreaux and HSB defectively designed the project, negligently and defectively constructed the project, negligently supervised the sub-contractors, breached their contracts or unjustly enriched

themselves resulting in the damages claimed by the Blanchets. The underlying state court action thus necessarily will examine what happened, when, why, who caused it and what damage was caused, if any.

In this declaratory judgement action, Accident seeks a determination of its duty to defend and indemnify on those same facts. The factual issues which are necessary for the coverage determination Accident seeks on this case, not only overlap, but are virtually identical to the factual determinations to be made in the underlying state court action The factual issues raised by Accident easily can and will be adjudicated in the underlying state court action.

In *Sherwin-Williams Co., supra*, the Fifth Circuit noted that even where the identity of the parties in the state action is not identical, abstention may be appropriate. "If there is a pending related state proceeding, but it is not 'parallel' because it does not involve all the same parties or issues, the federal district court properly considers the extent of similarity between the pending state and federal court cases in deciding which court should decide the dispute, rather than relying on a *per se* rule." *Sherwin-Williams Co.*, 343 F.3d at 394 n.5. As the Fifth Circuit succinctly stated in one abstention analysis: "**judicial economy is a factor that can be taken into account.**" ***Torch, Inc. v. LeBlanc*, 947 F.2d 193, 195 (5th Cir. 1991).**[1] Put another way, "a federal court, in exercising jurisdiction to grant or refuse relief [under the Declaratory Judgment Act], should avoid needless conflict with other courts, state for federal." *Employer's Liability Assur. Corp. v. Mitchell*, 211 F.2d 441, 443 (5th Cir. 1954). Here, the state court already is in the process of determining the

---

[1] The sixth factor, whether retaining the lawsuit in the district court would serve judicial economy this also weighs in favor of abstention. *See Trejo*, 39 F.3d at 591.

7

factual issues central to any coverage determination. Judicial economy and comity concerns raised by the potential for inconsistent rulings, weigh overwhelmingly in favor of abstention.

### **The Second, Third and Fourth Factors, Whether the Plaintiff Filed an Anticipatory Action, Whether the Plaintiff Engaged in Forum Shopping, and Potential Inequities in Allowing the Plaintiff to Select the Forum, Also Weigh In Favor of A Stay**

Accident has anticipated since the Underlying Claim was tendered that it would dispute Boudreaux and HSB's coverage. Accident has now filed this federal declaratory relief action on its duty to defend and indemnify in anticipation of a potential damage award against Boudreaux and HSB in the Underlying State Court Action. *In Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599 (5th Cir. 1983), the Fifth Circuit affirmed a district court's dismissal of an insurer's declaratory relief action under the abstention doctrine. It noted that "Anticipatory suits are disfavored because they are an aspect of forum shopping." *Mission Ins. Co.*, 706 F.2d at 602n.3.

Here, the forum shopping is particularly egregious. Accident initiated this action mere miles from the courthouse where the Underlying State Court Action has been pending for seven months. Accident's selection of the federal district court, in lieu of the state court, will require duplication of efforts by the parties and the judicial system, as Accident and the defendants will have to re-establish the facts already addressed in the Underlying State Court Action to another trier of fact in this court. There is no rational basis for such inefficiencies and no reason to risk contradictory or inconsistent determinations.

### **The Fifth Factor, Whether Federal Court is a Convenient Forum for Parties and Witnesses, Also Weighs in Favor of A Stay**

8

The fifth factor examines: "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Mission Ins. Co.*, 706 F.2d at 603.[2]

The Underlying State Court Action was filed in September 2012. Discovery and settlement efforts have been undertaken in that action. The parties in the Underlying State Court Action have scrutinized the facts, to determine what was required of Boudreaux and HSB, as well as what was required by subcontractors. The Underlying State Court Action is pending in the state court in Vermilion Parish, mere miles from this courthouse. No one has complained that the Vermilion Parish forum was inconvenient or otherwise inappropriate.

### This Court Should Dismiss or Alternatively, Stay This Action Pending the Resolution of the Underlying Action

In light of the abundant benefit to judicial economy and to reduce the risk of inconsistent judgments, this action on Accident's duty to defend and indemnify should be either dismissed or stayed pending the resolution of the Underlying State Court Action. This will minimize the risk of inconsistent judgments. An order staying this action also will further the goals identified in *Wilton*: "We note that where the basis for declining to proceed is the pendency of a state court proceeding, *a stay will often be the preferable course*, because it assures the federal action can proceed without risk of a time bar if the state

---

[2] The seventh *Trejo* factor, which examines whether the federal court is called on to construe a state judicial decree involving the same parties and entered by the state court in the parallel action, does not apply. *See Trejo*, 39 F.3d at 591.

case, for any reason fails to resolve the matter in controversy. *Wilton*, 515 U.S. at 288 n.2 (emphasis added).

### Conclusion

Ultimately, this court must decide whether the scope of Boudreaux and HSB's coverage under its Accident policy for the claims and damages alleged in the Underlying State Court Action is better determined here, or in the Underlying State Court Action. That scope will turn upon the underlying facts as established in the Underlying State Court Action and as governed by the state substantive law. In the interest of comity and judicial economy, as well as each of the factors discussed above, Boudreaux and HSB request that the court stay this action until the Underlying State Court Action is resolved.

Respectfully submitted:

DAVIDSON, MEAUX, SONNIER,
McELLIGOTT, FONTENOT, GIDEON & EDWARDS

_____
KYLE L. GIDEON #14288
THEODORE GLENN EDWARDS, III #18195
Post Office Drawer 2908
Lafayette, LA 70502-2908
(337) 237-1660
Attorneys for: Henry A. Boudreaux, Jr. and HSB Design and Contractors, LLC

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __28th__ day of March, 2013, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.

_____
KYLE L. GIDEON