UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ACCIDENT INSURANCE COMPANY, INC. | * |
| | * CIVIL ACTION NO.: 6:13-cv-387 |
| V. | * |
| | * |
| BENJAMIN B. BLANCHET, ANNE B. BLANCHET, HENRY ALBERT BOUDREAUX, JR., and HSB DESIGN & CONTRACTORS, LLC | * JUDGE DOHERTY |
| | * |
| | * |
| | * MAGISTRATE HANNA |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * ****

**ACCIDENT INSURANCE COMPANY, INC.'S MEMORANDUM IN
SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY, MOTION TO STAY ACTION**

MAY IT PLEASE THE COURT:

Plaintiff Accident Insurance Company, Inc. ("AIC") respectfully submits this Memorandum in Support of Opposition to defendants' Motion to Dismiss or Alternatively, Motion to Stay Action, and would show the Court as follows:

**INTRODUCTION AND FACTUAL BACKGROUND**

This is a coverage action by which AIC seeks a declaratory judgment declaring that the subject AIC policies, bearing policy numbers AGL9005020 and CPP 0001908 00 (attached hereto as Exhibits "B" and "C") (collectively hereinafter "AIC Policies"), issued to defendant Henry A. Boudreaux ("Boudreaux") and in effect during the claims at issue in the underlying action do not provide defense or indemnity to Boudreaux for the Blanchets' claims arising directly from Boudreaux's defective work or product, professional designs, alleged defective rendering or failure to render professional services including architectural services, intentional acts of fraud and/or embezzlement, and/or for any emotional distress claims asserted by the Blanchets at issue in the underlying action. *See* underlying Petition for Damages and Declaratory

1

Relief attached here to as Exhibit "A" (hereinafter "underlying action"). Relevant and applicable exclusions and endorsements in the subject AIC Policies serve to defeat coverage for any and all claims brought by the Blanchets arising from Boudreaux's work performed on their home. *See* Complaint for Declaratory Judgment ("Complaint") attached hereto as Exhibit "D".

Furthermore, AIC also seeks injunctive relief to enjoin all party defendants from making any claim against the subject AIC Policies for payment under any provisions, regardless of whether such claim is brought under theory of contract, contribution, assignment or any other legal theory as the same exclusions and endorsements in the AIC Policies at issue, as detailed in AIC's Complaint, serve to defeat coverage for the Blanchets' claims against AIC's insured, Boudreaux, at issue in the underlying action. *See generally* Exhibit "D".

In the underlying action the Blanchets allege that Boudreaux and/or subcontractors he retained performed faulty and/or negligent work in the construction/renovation of the Blanchets' home located in Meaux, Louisiana. The Blanchets further allege that Boudreaux substituted materials different from the plans and intentionally defrauded them by submitting various charges to the Blanchets for subcontractor work that were not the actual costs of goods and services from the subcontractors but were, instead, overinflated with the intent to embezzle money. Relevant and applicable exclusions and endorsements in the AIC Policies preclude coverage for any intentional acts committed by the insured, as well as any claims arising from the insured's work or product, rendering of professional services, and any claims for emotional distress arising from services rendered by the insured. Boudreaux's liability to the Blanchets, however, is not before this Court. Rather, the sole issue before this Court is whether the AIC policies provide coverage for Boudreaux's alleged actions based entirely upon the claims set

forth in the Blanchets' Petition. Thus, a federal decision on this matter would have no impact on the state court liability issues.

## LEGAL ARGUMENT

### A. It is Uncontested That the Court Has Subject Matter Jurisdiction Under 28 U.S.C. § 1332

Defendants Boudreaux and HSB Design and Contractors, LLC ("HSB") (hereinafter collectively "Defendants") filed a Motion to Dismiss or Alternatively, Motion to Stay Action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Rule 12(b)(1) provides: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject matter jurisdiction […]" Fed. R. Civ. P. 12(b)(1). Here, however, it is clear and uncontested that this Court has diversity jurisdiction under 28 U.S.C. § 1332 as there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and cost. Accordingly, AIC's declaratory judgment action should not be dismissed.

### B. AIC's Complaint Clearly States Claims for Declaratory and Coercive Relief in Compliance with the Declaratory Judgment Act, 28 U.S.C.A. § 2201

Defendants contend that AIC's declaratory judgment action should be dismissed because the action fails to meet the requirements of the Declaratory Judgment Act, 28 U.S.C.A. § 2201 and fails to state a claim upon which relief may be granted. In support of this contention Defendants merely state that "Plaintiff can assert in the litigation between the parties that is pending in the state court action all of the issues on which it seeks either declaratory or affirmative relief in this court." See Motion, p. 2. This argument, however, does not support Defendants' contention that AIC's action fails to comply with the Declaratory Judgment Act.

3

Moreover, Defendants do not even address the fact that AIC seeks not only declaratory relief but coercive relief in the form of an injunction. *See* Exhibit "D" ¶¶ 36-37.

The Declaratory Judgment Act provides that, "In a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The phrase "a case of actual controversy" in the Act refers to the types of "cases" and "controversies" that are justiciable under Article III of the U.S. Constitution. *Aetna Life Ins. v. Haworth*, 300 U.S. 227, 239–40, 57 S.Ct. 461, 81 L.Ed. 617 (1937).

Although there is no bright line rule to determine whether a declaratory judgment action satisfies Article III's case-or-controversy requirements, the dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests," "real and substantial," and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) (quoting *Aetna Life*, 300 U.S. at 240–41, 57 S.Ct. 461). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941)).

Here, it is clear that there is a justiciable coverage dispute regarding the application of coverage and, therefore, AIC's duty to defend and/or indemnity its insured, Boudreaux, based upon the claims alleged by the Blanchets in the underlying action. Moreover, AIC is seeking specific relief from the Court in the form of both a declaratory judgment declaring that no

4

coverage exists under the AIC Polices at issue <u>and</u> injunctive relief to enjoin all party defendants from making any claim against the AIC Policies for payment under any provisions. *See* Exhibit "D" ¶¶ 36-37. As a result, there is an actual controversy at issue among parties having adverse legal interests the reality of which warrants the issuance of a declaratory judgment given the potential liability at issue in the underlying action. *MedImmune, Inc.*, 549 U.S. at 127, 127 S.Ct. at 764 (quoting *Md. Cas. Co.*, 312 U.S. at 273, 61 S.Ct. at 510). Given the Court has subject matter jurisdiction based on diversity of citizenship, <u>the only issue is whether the Court should decide or dismiss the action</u>.

### C. Because AIC Has Included a Claim for Injunctive Relief in its Complaint, *Colorado River*, Rather Than *Brillhart*, Provides the Standard for Abstention

Defendants argue in the alternative that the Court should abstain from exercising its jurisdiction or stay this action pending resolution of the underlying action. In so doing, Defendants assert that the Court should apply the factors set forth in *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994) and abstain from the matter pursuant to the abstention framework provided in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942).

AIC's Complaint for Declaratory Judgment, however, seeks both declaratory <u>and</u> injunctive relief. *See* Exhibit "D" at ¶¶ 36-37. Thus, the Court must apply the abstention standard set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), not the *Brillhart* abstention framework as relied upon by Defendants. *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002)("*Brillhart* is only applicable when a district court is considering abstaining from exercising jurisdiction over a declaratory judgment action … [W]hen an action contains any claims for coercive relief, the *Colorado River* abstention doctrine is ordinarily applicable." (emphasis added; citations omitted)); *see also Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir. 2000)(applying *Colorado*

*River* to action requesting both declaratory and injunctive relief and rejecting argument that *Brillhart* should have applied because the claims for coercive relief were merely "ancillary" to the request for declaratory relief).

The Fifth Circuit recently explored the various approaches taken by different courts "[w]hen determining which standard applies when a request for declaratory action seeks both declaratory and coercive relief...." *New England Ins. Co. v. Barnett*, 561 F.3d 392, 395 (5th Cir. 2009). The *Barnett* Court noted four divergent approaches, including one that "looks to the 'heart of the action' to determine whether the outcome of the coercive claim hinges on the outcome of the declaratory claim." *Id.* (citation omitted). Such a test might favor abstention in this case, but the Fifth Circuit has rejected it, noting that it has "held that the *Colorado River* standard applies whenever an action includes both declaratory and non-frivolous coercive claims for relief." *Id.* (citations omitted) (emphasis added). Thus, "when an action contains any claim for coercive relief, the *Colorado River* abstention doctrine is ordinarily applicable." *Kelly Inv., Inc.*, 315 F.3d at 497 n. 4 (emphasis added) (citing *Black Sea Inv., Ltd.*, 204 F.3d at 652). And "[t]he *only* potential exception to this general rule arises when a party's request for injunctive relief is either frivolous or is made solely to avoid application of the *Brillhart* standard." *Barnett*, 561 F.3d at 397 (emphasis in original) (quoting *Black Sea Inv., Ltd.*, 204 F.3d at 652).

In the instant matter, AIC's request for injunctive relief is clearly pertinent to the action and request for declaratory relief, and was made before the Defendants even moved the Court to abstain. In fact, Defendants make no argument whatsoever in their Motion to Dismiss or Alternatively, Motion to Stay Action with regard to AIC's claim for injunctive relief. As in *Black Sea* and *Barnett*, there is no evidence that AIC's claims are frivolous or were filed in an effort to avoid *Brillhart*. *Barnett*, 561 F.3d at 397; *Black Sea Inv. Ltd.*, 204 F.3d at 652.

Notwithstanding same, "Even in cases in which the request for injunctive relief has been merely 'ancillary' to the request for declaratory relief, the [Fifth Circuit] has held that the fact of the claim for injunctive relief renders *Brillhart* inapplicable." *W. Side Transp., Inc. v. Apac Miss., Inc.*, 237 F.Supp.2d 707, 713 n. 6 (S.D.Miss.2002) (citing *Barnett*, 561 F.3d at 397). Because AIC has included a claim for injunctive relief in its Complaint, *Colorado River*, rather than *Brillhart*, provides the standard for abstention.

### D. *Colorado River* Abstention Doctrine

The *Colorado River* abstention doctrine is based on principles of federalism, comity, and conservation of judicial resources. *Black Sea Inv., Ltd.*, 204 F.3d at 651 (citation omitted). Usually, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River*, 424 U.S. at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)) (emphasis added). *Colorado River* abstention thus represents an "extraordinary and narrow exception" to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 813, 817. The Supreme Court has set forth six factors that may be considered and weighed in determining whether exceptional circumstances exist that would permit a district court to decline exercising jurisdiction:

> (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir.1999) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 285–86 (1995)). "In assessing the propriety of abstention according to these factors, a federal court must keep in mind that 'the balance [should be] heavily weighted in favor

7

of the exercise of jurisdiction." *Black Sea Inv., Ltd.*, 204 F.3d at 650 (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)) (emphasis added). AIC hereby analyzes each *Colorado River* factor in turn.

### E. Under the *Colorado River* Factors, Abstention Does Not Apply to the Instant Action

Applying the six factors in *Colorado River* demonstrates with clarity that abstention is unwarranted in the instant matter. Therefore, the Court should deny Defendants' request to dismiss AIC's Complaint.

#### 1. Assumption by Either Court of Jurisdiction Over a Res

This case does not involve any res over which either court has taken control. "[T]he absence of this factor weighs against abstention." *Black Sea Inv., Ltd.*, 204 F.3d at 650 (internal citations omitted).

#### 2. The Relative Inconvenience of the Forums

The "relative inconvenience of the forums[ ] should be analyzed as to 'whether the inconvenience of the federal forum is so great' that abstention is warranted." *Kelly Inv., Inc.*, 315 F.3d at 498 (quoting *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir.1988)). This matter is a coverage dispute involving a Louisiana contract, Louisiana citizens and Louisiana companies, and relates to policies issued to a Louisiana citizen. Thus, Louisiana is the most convenient forum and is where the instant matter currently lies. Moreover, Defendants state in their Motion to Dismiss or Alternatively, Motion to Stay Action that "[T]he Underlying State Court Action is pending in the state court in Vermillion Parish, mere miles from this courthouse." *See* Motion p. 8. Accordingly, Defendants concede that there is no inconvenience whatsoever to the federal forum given its proximity to the underlying action. Under these facts,

the inconvenience of litigating the coverage issue in this Court is not "so great" as to warrant abstention. *Evanston*, 844 F.2d at 1192.

### 3. The Avoidance of Piecemeal Litigation

Defendants argue that abstention is necessary in the interest of judicial economy and comity concerns arising from the potential for inconsistent rulings. *See* Motion p. 8. However, "[t]he prevention of duplicative litigation is not a factor to be considered in an abstention determination." *Black Sea Inv., Ltd.*, 204 F.3d at 650 (citations omitted). Courts distinguish between duplicative litigation, which "is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction," and piecemeal litigation, which typically involves "inconsistent rulings with respect to a piece of property." *Id.* at 650–51 (citing *Evanston*, 844 F.2d at 1192). The real concern at the heart of the third *Colorado River* factor is the avoidance of piecemeal litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property. *Id.* "Where, as here, no court has assumed jurisdiction over a disputed res, there is no such danger" *Id.* at 651. Thus, under *Black Sea*, "[t]his factor therefore weighs against abstention."

In any event, "the problem of inconsistent judgments can be obviated through a plea of res judicata should one court render judgment before the other." *Kelly Inv., Inc.*, 315 F.3d at 498 (citations omitted). Accordingly, Defendants' arguments for abstention due to inconsistent rulings are unsupported by applicable authority.

### 4. The Order in which Jurisdiction Was Obtained by the Concurrent Forums

In analyzing the fourth *Colorado River* factor, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Mem. Hosp.*, 460 U.S. at 21. Where "the state

and federal suits are proceeding at approximately the same pace," this factor "weighs against abstention." *Murphy*, 168 F.3d at 738–39. In *Progressive Gulf Ins. Co. v. Farve*, 2012 WL 5414219 at *3 (S.D.Miss. 2012), the Court, in analyzing the fourth *Colorado River* factor, found that although the underlying lawsuit was filed some seven months before the insurer filed its coverage case in federal court, nothing in the record indicated that substantial progress had been made in the underlying lawsuit. The Court considered the fact that no discovery as to coverage had propounded to the insurer in that time period. *Progressive Gulf*, 2012 WL 5414219 at *3. As such, the Court concluded that the fourth factor was neutral at best or weighed against abstention under *Murphy*. *Id*.

The instant matter presents a nearly identical procedural posture. Similarly, the underlying action was filed on September 10, 2012, approximately six months before AIC filed the instant coverage action. As in *Progressive Gulf*, no discovery as to coverage has been propounded to AIC to date in the underlying action. Furthermore, AIC has not even been formally named as a defendant in the underlying action. Despite Defendants' contentions to the contrary, no substantial progress has been made in the underlying action. Thus, the fourth *Colorado River* factor weighs against abstention in this matter under *Moses H. Cone Mem. Hosp.* and *Murphy*.

### 5. Whether and to what Extent Federal Law Provides the Rules of Decision on the Merits

"The presence of a federal law issue 'must always be a major consideration weighing against surrender [of jurisdiction],' but the presence of state law issues weighs in favor of surrender only in rare circumstances." *Evanston*, 844 F.2d at 1193 (brackets in original) (quoting *Moses H. Cone Mem. Hosp.*, 460 U.S. at 26). In fact, not even "a mere lack of clarity in applicable state law ... counsel[s] in favor of abstention." *Black Sea Inv., Ltd.*, 204 F.3d at 651.

While the bulk of the coverage dispute herein will undoubtedly turn on state contract law, "the absence of a federal-law issue does not counsel in favor of abstention [...] Thus, the presence of state law issues weighs in favor of surrender only in rare circumstances." *Black Sea Inv., Ltd.*, 204 F.3d at 651 (citations and punctuation omitted). Such rare circumstances do not apply in this case. Furthermore, Louisiana law applies to the state law claims. This Louisiana federal court, therefore, is well suited to adjudicate the coverage claims at issue.

### 6. The Adequacy of State Proceedings in Protecting the Rights of the Party Invoking Federal Jurisdiction

The Fifth Circuit has made clear that the final *Colorado River* factor "can only be 'a neutral factor or one that weighs against, not for, abstention.'" *Murphy*, 168 F.3d at 739 (quoting *Evanston*, 844 F.2d at 1193). And while there is no indication that AIC's rights would not be protected in the state proceedings, that fact alone "would not be sufficient to present the 'exceptional circumstances' required for the [C]ourt to decline to exercise its jurisdiction." *Murphy*, 168 F.3d at 739. Thus, this factor also does not support abstention.

### F. For the Same Reasons Dismissal is Unwarranted, this Matter Should Not be Stayed

Defendants further request as an alternative to dismissal that the instant matter be stayed pending resolution of the underlying state court action. Defendants contend that a stay would be beneficial to judicial economy and reduce the risk of inconsistent judgments. *See* Motion pp. 9-10. As discussed, *supra*, AIC did not file this action for improper purposes or for abusive reasons. Nor was the instant action filed in anticipation of litigation with the intent to forum shop. Moreover, as there is no disputed res, there is no danger of piecemeal litigation, which is distinguished from duplicative litigation which the Fifth Circuit has held "[i]s a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently

overlapping jurisdiction." *Black Sea Inv., Ltd.*, 204 F.3d at 650-651. For the same reasons that abstention is unwarranted, a stay is likewise unwarranted. *American Guarantee & Liability Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir. 2005)("[T]he Supreme Court has held that the [*Colorado River*] exceptional circumstances test applies regardless of whether the district court dismisses or merely stays a case.").

## CONCLUSION

This Court undisputedly has subject matter jurisdiction over the matter based on diversity of citizenship under 28 U.S.C. § 1332. Because AIC has included a claim for injunctive relief in its Complaint for Declaratory Judgment, *Colorado River*, rather than *Brillhart*, provides the standard for abstention. Having considered all of the *Colorado River* factors, none clearly weigh in favor of abstention in the instant matter such that "exceptional circumstances" exist. As such, Defendants' requests for a dismissal or stay of the action should be summarily denied.

WHEREFORE, PREMISES CONSIDERED, Accident Insurance Company, Inc. prays that, after hearing all the things and matters set forth herein, the Court will deny the Defendants' Motion to Dismiss or Alternatively, Motion to Stay Action.

| CERTIFICATE OF SERVICE | Respectfully Submitted: |
|---|---|
| I do hereby certify that I have on this 12 April 2013, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States Mail, properly addressed, and first class postage prepaid and/or by facsimile service.<br><br>  /s/ Sean P. Mount | HAILEY, McNAMARA, HALL, LARMANN & PAPALE, L.L.P.<br><br>BY:  /s/ Sean P. Mount<br>**SEAN P. MOUNT, #27584**<br>smount@hmhlp.com<br>**JASON M. BAER, #31609**<br>jbaer@hmhlp.com<br>**JORDAN M. JEANSONNE, #33203**<br>jjeansonne@hmhlp.com<br>One Galleria Blvd., Suite 1400<br>Metairie, LA  70011-8288<br>Telephone:  (504) 836-6500<br>Facsimile:  (504) 836-6565<br>Attorneys for Plaintiff,<br>Accident Insurance Company, Inc. |