UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ACCIDENT INSURANCE COMPANY, INC. | * |
| | *    CIVIL ACTION NO.: 6:13-cv-387 |
| V. | * |
| | * |
| BENJAMIN B. BLANCHET, ANNE B. BLANCHET, HENRY ALBERT BOUDREAUX, JR., and HSB DESIGN & CONTRACTORS, LLC | *    JUDGE DOHERTY |
| | * |
| | * |
| | *    MAGISTRATE HANNA |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * ****

### ACCIDENT INSURANCE COMPANY, INC.'S REPLY BRIEF TO BOUDREAUX AND HSB'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**COMES NOW** plaintiff Accident Insurance Company, Inc. ("AIC"), by and through undersigned counsel, and files this Reply Brief to Boudreaux and HSB's Supplemental Memorandum in Support of Motion to Dismiss (R. Doc. 26) ("Supplemental Memorandum") and would show the Court as follows:

On May 9, 2013, Defendants Henry A. Boudreaux, Jr. and HSB Design & Contractors, LLC ("Defendants") filed a Supplemental Memorandum in support of their previously filed Motion to Dismiss or Alternatively, Motion to Stay Action ("Motion to Dismiss"). In their Supplemental Memorandum Defendants merely add that the filing of a First Amended and Restated Petition for Damages and Declaratory Relief by the Blanchet plaintiffs in the underlying state court proceeding justifies this Court's abstaining from the instant declaratory judgment action. Defendants' additional argument, however, is without merit and has no bearing on abstention as AIC had not been formally named in the underlying action and no coverage issues had been presented to the court therein prior to the filing of the instant declaratory judgment action now before the Court. Moreover, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."

1

*Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976) (*quoting McClellan v. Carland*, 217 U.S. 268, 282 (1910)) (emphasis added).  Thus, the instant declaratory judgment action is proper and this Court should exercise its rightful jurisdiction over the matter.

Furthermore, Defendants fail in their Supplemental Memorandum to provide any argument or rebuttal whatsoever to AIC's Opposition to Defendants' Motion to Dismiss wherein AIC demonstrated that *Colorado River*, rather than *Brillhart*, provides the standard for abstention because AIC's Complaint for Declaratory Judgment seeks both declaratory and injunctive relief. *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002) ("*Brillhart* is only applicable when a district court is considering abstaining from exercising jurisdiction over a declaratory judgment action … [W]hen an action contains any claims for coercive relief, the *Colorado River* abstention doctrine is ordinarily applicable." (citations omitted)); *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir. 2000) (applying *Colorado River* to action requesting both declaratory and injunctive relief and rejecting argument that *Brillhart* should have applied because the claims for coercive relief were merely "ancillary" to the request for declaratory relief).  As AIC's Complaint seeks both declaratory <u>and</u> injunctive relief, the Court must apply the abstention standard set forth in *Colorado River*, not the *Brillhart* abstention framework as relied upon by Defendants in their Motion to Dismiss. *See id*.

As provided in AIC's Opposition, applying the six *Colorado River* factors clearly demonstrates that abstention is not warranted.  Defendants fail in their Supplemental Memorandum to rebut the application of the *Colorado River* factors which counsel against abstention.  For the same reasons that dismissal by way of abstention is inappropriate, a stay is likewise unwarranted.

As it is undisputed that the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332, the belated filing of an amended petition in the underlying state court action has no bearing on the instant matter and certainly does not provide an independent basis for abstention. To wit, "[t]he prevention of duplicative litigation is not a factor to be considered in an abstention determination." *Black Sea Inv., Ltd.*, 204 F.3d at 650 (citations omitted). Courts distinguish between duplicative litigation, which "is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction," and piecemeal litigation, which typically involves "inconsistent rulings with respect to a piece of property." *Id.* at 650–51 (*citing Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir.1988)). The real concern is the avoidance of piecemeal litigation and the concomitant danger of inconsistent rulings with respect to a piece of property. *Id*. Where, as here, no court has assumed jurisdiction over a disputed res, there is no such danger. *Id*. at 651. In any event, "the problem of inconsistent judgments can be obviated through a plea of res judicata should one court render judgment before the other." *Kelly Inv., Inc.*, 315 F.3d at 498 (citations omitted).

Ultimately, Defendants' arguments for abstention and/or dismissal due to inconsistent rulings are unsupported by applicable authority. This Court undisputedly has subject matter jurisdiction over the matter based upon diversity of citizenship under 28 U.S.C. § 1332 and Defendants fail to provide anything in their Supplemental Memorandum to rebut the application of the *Colorado River* factors which counsel against abstention. Accordingly, Defendants' request for a dismissal or stay of the instant declaratory judgment action should be summarily denied.

| **CERTIFICATE OF SERVICE** | Respectfully Submitted: |
|---|---|
| I do hereby certify that I have on this 14 May 2013, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States Mail, by facsimile service and/or electronically using the CM/ECF system.<br><br>        */s/ Sean P. Mount* | **HAILEY, McNAMARA, HALL, LARMANN & PAPALE, L.L.P.**<br><br>BY:   */s/ Sean P. Mount*<br>**SEAN P. MOUNT, #27584**<br>smount@hmhlp.com<br>**JASON M. BAER, #31609**<br>jbaer@hmhlp.com<br>**JORDAN M. JEANSONNE, #33203**<br>jjeansonne@hmhlp.com<br>One Galleria Blvd., Suite 1400<br>Metairie, LA  70011-8288<br>Telephone:  (504) 836-6500<br>Facsimile:  (504) 836-6565<br>Attorneys for Plaintiff,<br>Accident Insurance Company, Inc. |