UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ACCIDENT INSURANCE COMPANY,    CIVIL ACTION NO. 6:13-cv-00387
INC.

VERSUS                         JUDGE DOHERTY

BENJAMIN B. BLANCHET,          MAGISTRATE JUDGE HANNA
ANNE B. BLANCHET, HENRY
ALBERT BOUDREAUX, JR. AND
HSB DESIGN & CONTRACTORS, LLC

## REPORT  AND  RECOMMENDATION

Currently pending before the court is the motion to dismiss for failure to state a claim on which relief can be granted or, alternatively, to stay the action (Rec. Doc. 14), which was filed by defendants Henry A. Boudreaux, Jr. and HSB Design and Contractors, LLC.  The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  (Rec. Doc. 16).  The motion is opposed.  (Rec. Doc. 23). For the reasons set forth below, the undersigned recommends that the motion be granted and this lawsuit be dismissed without prejudice.

## FACTUAL BACKGROUND

Accident Insurance Company ("AIC") issued a commercial general liability insurance policy, Policy No. AGL9005020, to defendant Henry Albert Boudreaux, Jr., covering the time period from March 28, 2011 to March 28, 2012.  AIC also issued a commercial general liability insurance policy, Policy No. CPP000190800, to defendant Boudreaux, covering the time period from March 28, 2012 to March 28, 2013.  In this lawsuit, AIC seeks a declaration that it owes neither defense nor indemnity to its insureds with regard to the claims asserted against them in an underlying state-court lawsuit.  The underlying suit is styled *Blanchet v. Boudreaux, et al.*, bears Docket No. 06178-L, and is pending in the 15th Judicial District Court, Vermilion Parish, Louisiana.  (Rec. Doc. 1-2).  The state-court action involves a dispute that grew out of Boudreaux's allegedly negligent and defective design and HSB's allegedly negligent and defective construction of renovations to a historic home owned by defendants Benjamin B. Blanchet and Anne B. Blanchet.

In their original state-court petition (Rec. Doc. 1-2), the Blanchets seek to recover damages allegedly caused by Boudreaux and his company, HSB Design & Contractors, LLC, due to allegedly defectively designed renovations, cost overruns, reordering and installation of materials and supplies, unnecessary and duplicated labor, and a product unlike what the Blanchets requested and Boudreaux agreed to

provide.  The Blanchets' petition asserts claims for defective design, negligent and defective construction, negligent supervision, breach of contract, and unjust enrichment.  That lawsuit currently remains pending.

The Blanchets originally sued Boudreaux's and HSB's insurers in the underlying lawsuit without specifically identifying them.[1]  Boudreaux and HSB contend that they tendered the claims asserted in the state-court action to AIC, and AIC agreed to defend Boudreaux and HSB in that action subject to a reservation of rights.[2]  AIC then filed this separate lawsuit.  Recently, the Blanchets filed an amended and restated petition for damages and declaratory relief in the state-court action, in which they name AIC as a defendant in its capacity as Boudreaux's insurer.[3]  Defendants Boudreaux and HSB have moved to dismiss AIC's lawsuit for failure to state a claim on which relief may be granted.  Alternatively, Boudreaux and HSB seek to have AIC's lawsuit stayed pending the resolution of the Blanchets' state-court lawsuit.

---

[1]     Rec. Doc. 1-2.

[2]     Rec. Doc. 14-1 at 3.

[3]     Rec. Doc. 24-5 at 1.

<u>DISCUSSION</u>

This Court must decide whether the plaintiffs' complaint must be dismissed for failure to state a claim on which relief may be granted and whether this action should be stayed.

## I.     <u>DOES THE COMPLAINT STATE A CLAIM?</u>

Boudreaux and HSB argue that AIC cannot meet the essential elements for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, and therefore fails to state a claim on which relief may be granted.

The Declaratory Judgment Act reads as follows, in pertinent part:  "In a case of actual controversy within its jurisdiction, . . . any court of the United States. . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[4]  A three-part inquiry is used when considering a declaratory judgment action.  "First, the court must determine whether the declaratory action is justiciable.  Typically, this becomes a question of whether an 'actual controversy' exists between the parties to the action. . . .  Second, if it has jurisdiction, then the district court must resolve whether it has the 'authority' to grant declaratory relief in the case presented. . . .  Third, the court

---

[4]         28 U.S.C.A. § 2201(a).

has to determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action."[5]

In this case, there clearly is an actual controversy between the parties to the action.  Not one but two lawsuits have been filed, in which it must be decided whether AIC's insurance policies afford defense and indemnity to Boudreaux and HSB.  "An actual controversy may exist when an insurance carrier seeks a declaratory judgment that it has a duty neither to defend nor indemnify its insured in a state court action that has not yet proceeded to judgment.  The district court thus had jurisdiction to rule on the duty to indemnify despite the fact that the underlying state court suit had not yet reached final judgment."[6]   AIC's complaint presents an actual controversy concerning the coverage afforded by its insurance policies, and sufficient facts are set forth in AIC's complaint and in the state-court petition that was attached to AIC's complaint to permit an understanding of the issues that will ultimately have to be decided.

Second, there is no question that the court has the authority to grant the declaratory relief sought by AIC.  This court has both subject-matter jurisdiction over this action, under 28 U.S.C. § 1332, since AIC's complaint sets forth factual

---

[5]       *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

[6]       *American States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998) (internal citations omitted).

allegations sufficient to show that the parties are diverse in citizenship and since the face of the complaint reveals that the amount in controversy exceeds $75,000.  No issue has been raised concerning personal jurisdiction over the parties to this action. The suit was filed in a court of proper venue.  Succinctly, no jurisdictional or procedural obstacles have been identified as interfering with this Court's authority to decide the dispute that has been presented here.

Third, "[i]t is now well-settled in the Fifth Circuit that a district court has discretion over whether to decide or dismiss a declaratory judgment action."[7]  But a district court may not dismiss a request for declaratory relief on the basis of whim or personal disinclination; instead, the court must address and balance the purposes of the Declaratory Judgment Act and the factors relevant to the applicable abstention doctrine.[8]

The undersigned finds that AIC's complaint alleged sufficient facts to establish that an actual controversy is currently before the court and the court has authority to decide that controversy.  Nevertheless, the court must decide whether the parties' dispute should be decided, stayed, or dismissed.

---

[7]     *Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993).

[8]     *Travelers v. Louisiana Farm Bureau*, 996 F.2d at 778.

## II.    SHOULD THE PARTIES' DISPUTE BE DECIDED, STAYED, OR DISMISSED?

The plaintiff seeks a determination that it does not owe Boudreaux or HSB defense or indemnity with regard to the allegations asserted by the Blanchets in the underlying state-court lawsuit.  Boudreaux and HSB contend that, should the court decide not to dismiss the suit for failure to state a claim, this action should be stayed pending the final judgment in the underlying lawsuit, arguing that the court has discretion to abstain pursuant to *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942).  AIC responds, first, that this is not solely an action seeking declaratory relief since AIC also seeks coercive relief in the form of an injunction and, second, that its claim for coercive relief requires analysis of the defendants' motion for abstention under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

Federal courts have a "virtually unflagging" obligation to exercise the jurisdiction granted to them.[9]  Accordingly, the mere "pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court

---

[9]     *Transocean Offshore USA, Inc. v. Catrette*, 239 Fed. App'x. 9, 11 (5th Cir. 2007), *Black Sea Investment, Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000); *Colorado River v. United States*, 424 U.S. at 817.

having jurisdiction."[10]  In "extraordinary and narrow" circumstances,[11] however, a district court may abstain from exercising its jurisdiction but "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule."[12]

As explained by the Fifth Circuit, "[o]ne of two standards governs the propriety of a decision to stay based on considerations of wise judicial administration, depending on whether the federal suit is purely declaratory or seeks other relief."[13] If the suit seeks only a declaration of rights, the district court's discretion to stay or dismiss the suit is governed by the standard articulated in *Wilton v. Seven Falls Company*, 515 U.S. 277, 288 (1995), and *Brillhart v. Excess Ins. Co. of America*, but if the suit involves a request for monetary or other coercive relief, even if declaratory relief is also sought, the standard articulated in *Colorado River Water Conservation District v. United States* is applied.[14]

---

[10]     *Colorado River v. United States*, 424 U.S. at 817, quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910).  See, also, *Transocean Offshore v. Catrette*, 239 Fed. App'x. at 11.

[11]     *Superior Diving Co. Inc. v. Cortigene*, 372 Fed. App'x 496, 498 (5th Cir. 2010); *Black Sea v. United Heritage*, 204 F.3d at 650; *Colorado River v. United States*, 424 U.S. at 813.

[12]     *Colorado River v. United States*, 424 U.S. at 813.

[13]     *American Guarantee & Liability Ins. Co. v. Anco Insulations, Inc*., 408 F.3d 248, 250-51 (5th Cir. 2005).

[14]     *American Guarantee v. Anco*, 408 F.3d at 250-51.

-8-

Boudreaux and HSB argue that this suit should be stayed in deference to the Vermilion Parish lawsuit under the *Wilton/Brillhart* standard. AIC argues that, because it seeks injunctive relief as well as a judgment declaring that the relevant insurance policy affords coverage, only the *Colorado River* standard applies.

## A.    WHICH STANDARD APPLIES?

In the Fifth Circuit, the *Colorado River* standard applies when an action includes both declaratory and non-frivolous coercive claims for relief.[15] More particularly, when a party seeks both injunctive and declaratory relief, the appropriateness of abstention must be analyzed under *Colorado River*.[16] The Fifth Circuit recognizes two exceptions to applicability of the *Colorado River* standard. The *Colorado River* standard is not applied if the claims for coercive relief are frivolous or if the claims for coercive relief were added as a means of defeating *Brillhart*.[17]

Here, there is no indication that AIC's request for coercive relief was added to its complaint as a means of defeating *Brillhart* but it must be decided whether AIC's

---

[15]      *New England Ins. Co. v. Barnett*, 561 F.3d 392, 395 (5th Cir. 2009).

[16]      *Black Sea v. United Heritage*, 204 F.3d at 649; *Southwind Aviation, Inc. v. Bergen Aviation, Inc*., 23 F.3d 948, 951 (5th Cir. 1994).

[17]      *New England v. Barnett*, 561 F.3d at 395-96.

claim for injunctive relief is frivolous.  AIC's complaint is styled "Complaint for Declaratory Judgment."[18]   Internally, the complaint is referred to as seeking declaratory relief at least eight times.[19]   Neither the word "injunction" nor the word "injunctive" is found in the complaint.  The sole reference to injunctive relief is set forth in the penultimate paragraph of the complaint, which reads as follows in its entirety:

> Further, AIC is entitled to a judgment declaring that it is not otherwise obligated, in any manner whatsoever, to the Blanchets for the circumstances described herein and *enjoining* all party Defendants from making any claim against the subject AIC Policies for payment under any provisions, regardless of whether such claim is brought through theory of contract, contribution, assignment[,] or any other legal theory.[20]

The undersigned finds that AIC's request for injunctive relief is frivolous for two reasons.

First, it is clear that the injunctive relief sought is solely and completely dependent upon the declaratory relief sought.  AIC seeks "a judgment declaring that it is not . . . obligated . . . to the Blanchets . . . *and* enjoining all party

---

[18]    Rec. Doc. 1 at 1.

[19]    Rec. Doc. 1 at 1, introductory paragraph; Rec. Doc. 1 at 5, ¶ 20; Rec. Doc. 1 at 6, title; Rec. Doc. 1 at 14, title; Rec. Doc. 1 at 17, title; Rec. Doc. 1 at 18, ¶ 36; Rec. Doc. 1 at 18, ¶ 37; Rec. Doc. 1 at 18, prayer.

[20]    Rec. Doc. 1 at 18, ¶ 37 (emphasis added).

Defendants. . . ."  AIC did not bring a claim for injunctive relief that is separate and independent from the claim for declaratory relief.  Instead, the claim for injunctive relief is conditioned upon a ruling by the court that AIC is entitled to the declaratory relief it seeks.  AIC asks the court to grant a declaratory judgment in AIC's favor and to include in the judgment an injunction against all of the defendants in this lawsuit.  Should the Court find that AIC is not entitled to the declaratory relief sought, the claim for injunctive relief evaporates.  The Fifth Circuit has "rejected the argument that coercive claims that are merely 'ancillary' to the declaratory action are not sufficient to warrant application   of *Colorado River*."[21]   But AIC's claim for injunctive relief cannot properly be classified as ancillary to its claim for declaratory relief because the coercive claim it is not merely appurtenant to the other claim but is wholly subsumed within it.  Accordingly, this lawsuit really presents only a viable claim for declaratory relief, and the claim for injunctive relief is frivolous.

Second, the injunctive relief allegedly sought by AIC is not something that the court has the ability to grant.  Based on its argument, AIC seeks an injunction precluding any defendant in this lawsuit from seeking coverage or payment under AIC's policies.  But among the defendants in this lawsuit are persons who have already asserted claims against AIC in the state-court litigation that are grounded

---

[21]     *New England v. Barnett*, 561 F.3d at 397.

upon the availability of coverage under the two policies that AIC cited in this lawsuit. The court has no authority to enjoin that lawsuit.  Since the court has no authority to grant the coercive relief requested, the claim for coercive relief is frivolous.[22]

Accordingly, the undersigned finds that the *Wilton/Brillhart* standard provides the proper framework for analyzing whether the court should abstain from resolving the dispute presented in this lawsuit.

**B.    THE *WILTON/BRILLHART* STANDARD**

In *Wilton v. Seven Falls Company*, the United States Supreme Court confirmed its prior decision in *Brillhart v. Excess Ins. Co. of America*, by stating that

> [i]f a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action.[23]

---

[22]    See *Trent v. National City Bank of Indiana*, 145 Fed. App'x 896, 898, 2005 WL 1990208, at *2 (5th Cir. 2005) (finding the coercive relief requested, namely the return of funds to the heirs or Succession of Marie Dorothy Koffenberger is frivolous because the federal court has no jurisdiction to probate a will or administer an estate.)

[23]    *Wilton v. Seven Falls Company,* 515 U.S. at 288.

The Court concluded that it is within a district court's discretion to stay an "action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court."[24]

To assist in defining the parameters of a district court's discretion, the Fifth Circuit developed a seven-factor test for deciding whether to retain jurisdiction over declaratory judgment actions.[25]   The factors are not exhaustive, mandatory, or exclusive[26] and address three broad considerations – federalism, fairness/improper forum shopping, and efficiency.[27]   They are:  (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities exist by allowing the declaratory plaintiff to gain precedence in time or to change forums; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and (7) whether the federal court is being called upon to

---

[24]     *Wilton v. Seven Falls Company*, 515 U.S. at 290.

[25]     *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).  See, also, *Travelers v. Louisiana Farm Bureau*, 996 F.2d at 778 (citing the first six factors).

[26]     *Granite State Insurance Co. v. Tandy Corp.*, 986 F.2d 94, 96 (5th Cir. 1992), *cert. denied*, 506 U.S. 813 (1993).

[27]     *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 390-391 (5th Cir. 2003).

construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[28]  This Court finds that the seven factors militate in favor of declining jurisdiction over this case.

The first factor, whether there is a pending state action in which all of the matters in controversy may be fully litigated, weighs heavily in favor of abstention. "[A]bstention from a declaratory judgment action is ordinarily appropriate when the state offers an adequate alternative forum in which to resolve the particular dispute."[29]  As between AIC, Boudreaux, and HSB, the matter to be resolved is the interpretation of an insurance policy.  That issue has also been placed before the Vermilion Parish court, and it is a matter that can be competently resolved in that forum.  No question of federal law has been presented.  "[I]f the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit."[30]  This factor has been considered

---

[28]   *St. Paul v. Trejo*, 39 F.3d at 590-91.

[29]   *Southwind Aviation v. Bergen Aviation*, 23 F.3d at 950.

[30]   *Sherwin-Williams v. Holmes County*, 343 F.3d at 390-391.

"of paramount concern."[31]  Consequently, this is precisely the type of case in which the federal court should defer to a related state action.

The second factor to be considered is whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant.  In this case, the Vermilion Parish lawsuit was already ongoing when AIC filed this lawsuit.  This factor is neutral.

The third factor is whether the plaintiff engaged in forum shopping in bringing the suit.  AIC selected this forum, knowing that a related suit was already pending in Vermilion Parish.  This suggests forum shopping, but this also is an appropriate court, and there is no evidence that AIC selected the forum to gain some sort of advantage.  Important to this inquiry is "whether there was a legitimate reason to be in federal court."[32]  A desire to avoid a plaintiff-friendly state-court jury is not an illegitimate reason.[33]  Similarly, a party seeking to avail itself of the traditional justification for diversity jurisdiction, ensuring fairness for out-of-state litigants, is not an illegitimate reason for filing suit in federal court.[34]  AIC is an out-of-state company, and there is

---

[31]     *American Fidelity Ins. Co. v. Acadian Geophysical Serv., Inc.*, No. Civ. A 97-1915, 1997 WL 786233, at *2 (E.D. La. Dec. 18, 1997).

[32]     *American Employers' Insurance Co. v. Eagle, Inc.*, 122 Fed. App'x 700, 703 (5th Cir. 2003).

[33]     *American Employers' v. Eagle*, 122 Fed. App'x at 703.

[34]     *American Employers' v. Eagle*, 122 Fed. App'x at 703.

no evidence that it brought this suit in federal court for any illegitimate reason.  This factor does not favor abstention.

The fourth factor to be considered is whether there are possible inequities in allowing the plaintiff to gain precedence in time or to change forums.  This suit was filed less than three months ago, and a trial date has not yet been set.  The state-court action was filed in September 2012,[35] but according to AIC "no substantial progress has been made in the underlying action."[36]  Permitting this case to move forward might, therefore, result in a judgment being rendered in this forum sooner than in the state-court proceeding.  Permitting the federal suit to move forward would, therefore, create the very real possibility of inconsistent and/or incomplete rulings.  The Court finds that this weighs heavily in favor of  deferring to the state proceeding.

The fifth factor is whether the federal court is a convenient forum for the parties and witnesses.  The state-court proceeding is pending in Abbeville, Louisiana, while the federal-court lawsuit is pending in Lafayette, Louisiana.  Boudreaux and HSB note that the Vermilion Parish courthouse where the state-court action will be tried is located "mere miles"[37] from the federal courthouse where this action is

---

[35]     Rec. Doc. 1-2 at 8.

[36]     Rec. Doc. 23-1 at 10.

[37]     Rec. Doc. 14-1 at 9.

-16-

pending.   The Vermilion Parish courthouse is approximately 20 to 25 miles from the federal courthouse in Lafayette, and the Court is not persuaded that one forum is more convenient than the other.   This factor is neutral.

The sixth factor is whether retaining the lawsuit in federal court would serve the purposes of judicial economy.   The undersigned finds this to be a critical issue. The state suit involves the same parties involved in this lawsuit.   Critical issues as between the Blanchets and Boudreaux and HSB must be determined before the issue of insurance coverage can be decided.   Although whether an insurance policy affords coverage is a legal issue, there are factual determinations that must be made before that legal issue can be resolved.   In this case, the policy provisions cited by AIC in its complaint require determinations about the nature of the damages sustained by the Blanchets, if any, the nature of the services provided by Boudreaux and HSB to the Blanchets, and the nature of the contractual agreements between the Blanchets and Boudreaux and HSB.   Therefore, retaining the lawsuit in federal court would not serve the goal of judicial economy.   To the contrary, it would increase the potential that the goal of judicial economy would be thwarted if the two courts reach inconsistent factual conclusions or interpret the insurance policies in different ways. The goal of judicial economy would be better served if the insurance coverage issue were litigated in the state-court proceeding. This factor weighs in favor of abstention.

-17-

The final factor, whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the state-court suit between the same parties is pending, is not an issue in this lawsuit.

In summary, the undersigned finds that three of the seven factors weigh heavily in favor of the court abstaining, while three of the other factors are neutral and only one weighs against abstention. The ultimate purpose for evaluating these factors is to decide "whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in state court."[38] "Fundamentally, the district court should determine whether the state action provides an adequate vehicle for adjudicating the claims of the parties and whether the federal action serves some purpose beyond mere duplication of effort."[39] The undersigned finds that the dispute presented in this lawsuit can better be settled in the related proceeding that is pending in Louisiana state court.

## C.   SHOULD THE ACTION BE STAYED OR DISMISSED?

---

[38]   *American Employers' v. Eagle*, 122 Fed. App'x at 702, quoting *Brillhart v. Excess*, 316 U.S. at 495.

[39]   *Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1581 (5th Cir. 1992), quoting *PPG Indus., Inc. v. Continental Oil Co*., 478 F.2d 674, 682 (5th Cir. 1973).

The discretion afforded to a district court permits either staying or dismissing a suit when abstention is appropriate.  Rather than merely finding that this action should be stayed, however, the undersigned finds that this lawsuit should be dismissed.  The court has discretion to dismiss this matter *sua sponte*.[40]  There is a pending state court action in which all of the matters presented in this lawsuit may be fully litigated.  In this case, a determination will be made in the Vermilion Parish lawsuit concerning whether the Blanchets were damaged as a result of Boudreaux's or HSB's actions or omissions and, if so, the nature of the damages so sustained.  It would serve no useful purpose for the court to conduct further proceedings until those issues are resolved.  As the Vermilion Parish lawsuit is now postured, with the Blanchets having asserted a claim against AIC, the state court will also be called upon to determine if the Blanchets' claims are covered under AIC's policy.  Proceeding to trial in this forum might lead to a ruling that ultimately turns out to be inconsistent with the state court's ruling, creating unnecessary issues and unnecessarily complicating the procedural posture of both lawsuits.  After careful consideration,

---

[40]     See, e.g., *Clarendon America Ins. Co. v. Faulk & Foster Real Estate Services*, No. 08-4286, 2009 WL 511308, at *3 (E.D. La. Feb. 27, 2009) ("the Court's broad discretion allows it to *sua sponte* dismiss this action in lieu of staying it.")  See, also, *Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc*., 149 F.3d 371, 373 (5th Cir. 1998) (acknowledging without disapproval that district court dismissed declaratory judgment action *sua sponte*); *Houston Gen. Ins. Co. v. Taylor Lumber & Treating, Inc*., No. CIV. A. 96-1523, 1997 WL 40633, at *3 (E.D. La. Jan. 30, 1997) (dismissing suit *sua sponte*).

this Court finds that permitting the underlying litigation to proceed unimpeded would be the better course of action.  Therefore, to the extent that this action is one that should be analyzed under the *Wilton/Brillhart* standard, the undersigned recommends that the court exercise its discretion and decline to proceed further, dismissing this action without prejudice.

### E.   THIS COURT'S INHERENT POWER TO ABSTAIN

Even when neither the *Wilton/Brillhart* standard nor the *Colorado River* standard is applicable, "district courts have inherent power to stay a federal lawsuit in favor of a concurrent state court proceeding."[41]  "Such a stay should not be granted unless the other tribunal has the power to render an effective judgment on issues that are necessary to the disposition of the stayed litigation  The court also should consider whether the federal action serves some purpose beyond mere duplication of effort."[42]

In this case, the Vermilion Parish court has the authority to decide issues that are necessary to the disposition of the insurance coverage issue that is currently

---

[41]    *Primerica Life Insurance Co. v. Twyman*, No. 3-01-CV-1659-BD, 2002 WL 83750, *3 (N.D. Tex. Jan. 14, 2002).  See, also, *Itel Corp. v. M/S Victoria U. (Ex Pishtaz Iran)*, 710 F.2d 199, 202-03 (5th Cir. 1983).

[42]    *Primerica v. Twyman*, 2002 WL 83750, *3 (internal citations omitted), citing *Itel Corp. v. M/S Victoria*, 710 F.2d at 203.

before this court, and it is competent to do so.  Permitting this action to move forward would do little more than duplicate the efforts being undertaken in Vermilion Parish and potentially create a procedural tangle from which the litigants will likely have a difficult time extracting themselves.

Accordingly, in order "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,"[43] the undersigned recommends that the court decline further jurisdiction over this action and dismiss this lawsuit without prejudice.

## CONCLUSION

The undersigned finds that AIC has stated a valid claim for declaratory relief and a frivolous claim for injunctive relief in its complaint.  Accordingly, the undersigned finds that the appropriate standard to apply is that articulated in the *Wilton/Brillhart* abstention doctrine, with a nod to the court's inherent power to stay this matter.  When that standard is applied, the undersigned concludes that the better course of action is for this court to step aside and permit the state court to hear the claims asserted by AIC in this lawsuit.  Accordingly, the undersigned recommends

---

[43]      *Primerica v. Twyman*, 2002 WL 83750, *3, quoting *Itel Corp. v. M/S Victoria*, 710 F.2d at 203.

that the motion to dismiss for failure to state a claim on which relief can be granted or, alternatively, to stay the action (Rec. Doc. 14) be granted, and further recommends that this action be dismissed without prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of court.  A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglas v. United Services Automobile Association*, 79 F.3d 1415(5th Cir. 1996).

Signed at Lafayette, Louisiana, this 30th day of May 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE