**RECEIVED**

JUL 2 2 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

ACCIDENT INS. CO., INC.                        CIVIL ACTION NO. 13-0387

VERSUS                                         JUDGE DOHERTY

BENJAMIN B. BLANCHET, ET AL.                   MAGISTRATE JUDGE HANNA

## MEMORANDUM RULING

Pending before this Court is a Report and Recommendation issued by the magistrate judge, in which the magistrate judge recommends the "Motion to Dismiss or Alternatively, Motion to Stay Action" [Doc. 14] filed by defendants Henry A. Boudreaux, Jr. and HSB Design and Contractors, LLC ("defendants") be granted, and the instant case be dismissed without prejudice.  Plaintiff Accident Insurance Company ("AIC") has filed an Objection to the Report and Recommendation [Doc. 29], and defendants have filed a Response [Doc. 30] to the Objection.  After this Court's *de novo* review of the issues presented, this Court ADOPTS the findings of the magistrate judge and concludes the instant matter should be DISMISSED WITHOUT PREJUDICE.  Consequently, the "Motion to Dismiss or Alternatively, Motion to Stay Action" [Doc. 14] is GRANTED IN PART AND DENIED IN PART, for the reasons more fully discussed below.

## I.      Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the [magistrate judge's] report [and recommendation] or specified proposed findings or recommendations to which objection is made."  Section 636(b)(1) further states "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter

to the magistrate judge with instructions."

The magistrate judge concluded although AIC's complaint contains requests for both declaratory and coercive relief, AIC's request for coercive relief is frivolous, and therefore, the *Wilton/Brillhart* standard provides the proper framework for analyzing whether the Court should abstain from resolving the dispute presented in the lawsuit. Under *Wilton/Brillhart*, the magistrate judge recommends the case be dismissed without prejudice.

AIC objects to the magistrate's judge's application of the *Wilton/Brillhart* standard, challenging the magistrate judge's conclusion that the inclusion of ACI's claim for injunctive relief is frivolous, as well as the magistrate judge's conclusion that the instant case should be dismissed without prejudice. This Court has made a *de novo* determination of those portions of the magistrate judge's findings to which AIC objects and makes the following conclusions.

## II. Factual Background

The factual background was set forth in the magistrate judge's Report, as follows:

> Accident Insurance Company ("AIC") issued a commercial general liability insurance policy, Policy No. AGL9005020, to defendant Henry Albert Boudreaux, Jr., covering the time period from March 28, 2011 to March 28, 2012. AIC also issued a commercial general liability insurance policy, Policy No. CPP000190800, to defendant Boudreaux, covering the time period from March 28, 2012 to March 28, 2013. In this lawsuit, AIC seeks a declaration that it owes neither defense nor indemnity to its insureds[1] with regard to the claims asserted against them in an underlying state-court lawsuit. The underlying suit is styled *Blanchet v. Boudreaux, et al.*, bears Docket No. 06178-L, and is pending in the 15th Judicial District Court, Vermilion Parish, Louisiana. (Rec. Doc. 1-2). The state-court action involves a dispute that grew out of Boudreaux's allegedly negligent and defective design and HSB's allegedly negligent and defective construction of renovations to a historic home owned by defendants Benjamin B. Blanchet and Anne B. Blanchet.

---

[1] Despite the magistrate judge's references to "insureds," although HSB is alleged to be a limited liability company whose sole member is Mr. Boudreaux, is unclear to this Court whether HSB is covered by the policies of insurance issued by AIC in favor of Mr. Boudreaux.

In their original state-court petition (Rec. Doc. 1-2), the Blanchets seek to recover damages allegedly caused by Boudreaux and his company, HSB Design & Contractors, LLC, due to allegedly defectively designed renovations, cost overruns, reordering and installation of materials and supplies, unnecessary and duplicated labor, and a product unlike what the Blanchets requested and Boudreaux agreed to provide. The Blanchets' petition asserts claims for defective design, negligent and defective construction, negligent supervision, breach of contract, and unjust enrichment. That lawsuit currently remains pending.

The Blanchets originally sued Boudreaux's and HSB's insurers in the underlying lawsuit without specifically identifying them. Boudreaux and HSB contend that they tendered the claims asserted in the state-court action to AIC, and AIC agreed to defend Boudreaux and HSB in that action subject to a reservation of rights. AIC then filed this separate lawsuit. Recently, the Blanchets filed an amended and restated petition for damages and declaratory relief in the state-court action, in which they name AIC as a defendant in its capacity as Boudreaux's insurer.

The instant lawsuit, filed by AIC against Boudreaux and HSB, is styled as a "Complaint for Declaratory Judgment." In the lawsuit, AIC seeks a declaration that no coverage exists under the subject AIC policies for any damage arising out of or as a result of the wok or product of its insured, Boudreaux; no coverage exists under the subject AIC policies for any professional services rendered by Boudreaux, including claims for design defects and/or any architectural service provided; no coverage exists under the subject policies for any claims for mental anguish or emotional distress arising from the services rendered by Boudreaux; and the policies in question do not provide defense or indemnity to Boudreaux or to any of the defendants for the claims arising from Boudreaux's work, professional services, or architectural services, or for any emotional distress.

Also included in AIC's complaint is the following request for relief:

37.     Further, AIC is entitled to a judgment declaring that it is not otherwise obligated, in any manner whatsoever to the Blanchets for the circumstances described herein and enjoining all party Defendants from making any claim against the subject AIC policies for payment under any provisions, regardless of whether such claim is brought through theory of contract, contribution,

3

assignment or any other legal theory.[2]

The instant motion to dismiss, or alternatively, to stay, was referred to the magistrate judge for report and recommendation.  The magistrate judge issued his Report on May 30, 2013 [Doc. 28]. Objections were filed on June 17, 2013 [Doc. 29], and a response to the Objections was filed on June 28, 2013 [Doc. 30].

## III.    Legal Analysis

In the instant motion, defendants Boudreaux and HSB move to dismiss AIC's lawsuit for failure to state a claim on which relief may be granted. Alternatively, Boudreaux and HSB seek to stay AIC's lawsuit pending resolution of the Blanchet's state court lawsuit.[3]   In their motion, defendants argue the entire lawsuit should be dismissed because AIC cannot satisfy the essential elements for declaratory relief under the Declaratory Judgment Act.  Alternatively, Boudreaux and HSB argue that, should the Court decline to dismiss the instant lawsuit for failure to state a claim, the Court should stay the action pending a final judgment in the underlying state lawsuit under the *Wilton/Brillhart* doctrine.

### 1.    Motion to Dismiss for Failure to State a Claim

The magistrate judge concluded AIC satisfies the essential elements for declaratory relief under the Declaratory Judgment Act, 28 U.S.C, §2201, finding AIC's complaint alleges sufficient facts to establish an actual controversy is currently before the Court, and the Court has authority to decide that controversy.  Consequently, the magistrate judge recommends defendants' motion to dismiss the lawsuit *for failure to state a claim* be denied.

---

[2] *See* Complaint for Declaratory Judgment, Doc. 1, at ¶37.

[3] *See* Report and Recommendation, Doc. 28, at pp. 2-3.

4

No party objects to this finding, which appears to be well grounded in law and fact. Therefore, the finding of the magistrate judge on this point is AFFIRMED by this Court, and that portion of defendants' motion to dismiss – seeking to dismiss the claims of AIC for failure to state a claim under the Declaratory Judgment Act – is DENIED.

### 2.      Motion to Stay

In the instant federal lawsuit, AIC alleges it does not owe Mr. Boudreaux or HSB defense or indemnity with regard to the allegations asserted by the Blanchets in the underlying state court lawsuit. As an alternative basis for relief in the instant motion, Mr. Boudreaux and HSB argue that, should this Court not dismiss the instant action for failure to state a claim, the Court should stay the instant action pending a final judgment in the underlying state lawsuit in accordance with the standards enunciated in *Wilton* and *Brillhart, infra*.

As the magistrate judge explained in his Report:

> Federal courts have a "virtually unflagging" obligation to exercise the jurisdiction granted to them.[4] Accordingly, the mere "pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction."[5] In "extraordinary and narrow" circumstances,[6] however, a district court may abstain from exercising its jurisdiction but "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule."[7]

> As explained by the Fifth Circuit, "[o]ne of two standards governs the propriety of a decision to stay based on considerations of wise judicial administration, depending on whether the federal suit is purely declaratory or seeks

---

[4] *Transocean Offshore USA, Inc. v. Catrette*, 239 Fed. App'x. 9, 11 (5th Cir. 2007), *Black Sea Investment, Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000); *Colorado River v. United States*, 424 U.S. at 817.

[5] *Colorado River v. United States*, 424 U.S. at 817, quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910). See, also, *Transocean Offshore v. Catrette*, 239 Fed. App'x. at 11.

[6] *Superior Diving Co. Inc. v. Cortigene*, 372 Fed. App'x 496, 498 (5th Cir. 2010); *Black Sea v. United Heritage*, 204 F.3d at 650; *Colorado River v. United States*, 424 U.S. at 813.

[7] *Colorado River v. United States*, 424 U.S. at 813.

5

other relief."[8]   If the suit seeks only a declaration of rights, the district court's discretion to stay or dismiss the suit is governed by the standard articulated in *Wilton v. Seven Falls Company*, 515 U.S. 277, 288 (1995), and *Brillhart v. Excess Ins. Co. of America*, but if the suit involves a request for monetary or other coercive relief, even if declaratory relief is also sought, the standard articulated in *Colorado River Water Conservation District v. United States* is applied.[9]

The crux of the matter before the magistrate judge and this Court is what standard should be employed to determine whether the instant case should be stayed as requested by defendants (or dismissed *sua sponte* by this Court) pending the state court litigation between essentially the same parties. Mr. Boudreaux and HSB argue this lawsuit should be stayed in deference to the state court lawsuit under the *Wilton/Brillhart* standard.   On the other hand, AIC argues because it seeks injunctive relief as well as a judgment declaring the relevant insurance policy affords coverage, only the *Colorado River* standard applies.  If the *Wilton/Brillhart* standard applies, this Court is accorded wider discretion to either stay or dismiss the case, while the Court would be constrained by a more exacting standard under *Colorado River*.[10]

As the magistrate judge pointed out, in the Fifth Circuit, the more exacting *Colorado River* standard applies when an action includes both declaratory and non-frivolous coercive claims for relief.  *New England Ins. Co. v. Barnett*, 561 F.3d 392, 395 (5th Cir. 2009).  *See also Black Sea v. United Heritage*, 204 F.3d at 649; *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 951 (5th Cir. 1994).  The Fifth Circuit recognizes two exceptions to applicability of the *Colorado River* standard, that is, the *Colorado River* standard is not applied if the claims for coercive relief

---

[8] *American Guarantee & Liability Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250-51 (5th Cir. 2005).

[9] *American Guarantee v. Anco*, 408 F.3d at 250-51.

[10] *See, e.g., Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 539 (5th Cir. 2002) (noting a district court has broader discretion to decline to hear a claim for declaratory judgment than, say, a breach of contract claim).

are frivolous or if the claims for coercive relief were added as a means of defeating *Brillhart*.

*Barnett*, 561 F.3d at 395-96.  Stated another way:

> If the prayer for injunctive relief could be determined to be frivolous or premature or otherwise 'wanting in equity,' then the suit could be considered solely a declaratory judgment action and the *Brillhart* holding would clearly apply.

*PPG Indus., Inc.*, 478 F.2d at 679.

The magistrate judge concluded there is no indication AIC's request for coercive relief was added to its complaint as a means of defeating *Brillhart*, but determined AIC's claim for injunctive relief is nevertheless frivolous for two reasons: (1) the claim for injunctive relief is solely and completely dependent upon the declaratory relief sought; and (2) the injunctive relief sought by AIC is not something the Court has the ability to grant.  AIC objects to the foregoing findings, which this Court has reviewed *de novo*.

As an initial matter, this Court notes neither party addressed the issue of how to define the term "frivolous" or "wanting in equity" within the context of the *Wilton/Brillhart* analysis.  Perhaps that is because there is no caselaw addressing the issue; indeed, this Court was unable to locate a standard, through its own research, addressing how to determine whether a coercive claim in the context presented herein is "frivolous" or "wanting in equity."  Although the caselaw defines a claim as "frivolous" when "it lacks an arguable basis either in law or in fact," *see, e.g., Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992), the jurisprudence defining such claims is typically confined to proceedings *in forma pauperis*.  Nevertheless, the Supreme Court has made clear the frivolousness standard of §1915 (*in forma pauperis* cases) is distinct from the failure-to-state-a-claim standard of Rule 12(b)(6).  *See Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989) ("the failure to state a claim standard of Rule 12(b)(6) and

the frivolousness standard of §1915(d) were devised to serve distinctive goals, and ... while the overlap between these two standards is considerable, it does not follow that a complaint which falls afoul of the former standard will invariably fall afoul of the latter.").

Despite the use of the term "frivolous" in cases dealing primarily with pauper petitioners, this Court sees no reason the definition of "frivolous" in *in forma pauperis* proceedings cannot be instructive herein. In providing context to the distinction between the 12(b)(6) and §1915 standards, the *Nietzke* Court stated:

> [t]o the extent that a complaint filed in forma pauperis which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and §1915(d) both counsel dismissal. But the considerable common ground between these standards does not mean that the one invariably encompasses the other. When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not.

490 U.S. at 328, 109 S.Ct. at 1833 (footnote omitted).

Neither the *Denton* nor *Neitzke* Courts expressly confined their definition of "frivolous" to *in forma pauperis* cases, and the use of the term "frivolous" or "wanting in equity" is broader than only *in forma pauperis* cases. After full review of the jurisprudence, including *Trent v. National City Bank of Indiana*, 145 Fed. Appx. 896, 898, 2005 WL 1990208 (5th Cir. 1005),[11] this Court is persuaded the appropriate standard by which this Court should evaluate whether a coercive claim is "frivolous" or "wanting in equity" for purposes of application of the *Wilton/Brillhart* factors is, in general application, whether the claim "lacks an arguable basis in law or fact." Thus, in the instant case, if the magistrate judge was correct in finding AIC's claim for coercive relief was

---

[11]This Court acknowledges that the *Trent* decision is not a published opinion and, therefore, lacks precedential value, however, the Court concludes the analysis contained within is informative as a reasonable interpretation of existing law.

8

"frivolous" under this standard, the Court should employ the *Wilton/Brillhart* standard reserved for purely declaratory judgment actions in determining whether to stay, or dismiss, the instant declaratory judgment action.

> a.     **The claim for injunctive relief is solely and completely dependent upon the declaratory relief sought**

The magistrate judge concluded, in part, AIC's claim for coercive relief is "frivolous" as it is completely subsumed within AIC's request for declaratory relief, and in that manner, cannot be said to be merely "ancillary" to AIC's request for declaratory relief.  This Court agrees.

The magistrate judge is correct, the Fifth Circuit has "rejected the argument that coercive claims that are merely "ancillary" to the declaratory action are not sufficient to warrant application of *Colorado River*." *See Barnett*, 561 F.3d at 397.  With respect to whether a coercive claim is truly "ancillary," in *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.22d 674, 679 (56th Cir. 1973), the Fifth Circuit stated:

> To label the claim for an injunction "ancillary" does not advance analysis; ***PPG expressly requests** both remedies in its complaint and the prayer for a declaratory judgment cannot obscure or weaken the prayer for an injunction*. If the prayer for injunctive relief could be determined to be frivolous or premature or otherwise "wanting in equity," then the suit could be considered solely a declaratory action and the Brillhart holding would clearly apply. But the district court made no such determination, and on the record before us we cannot do so. Both parties have repaired to the courts to settle their dispute and have alleged that in the relatively near future Conoco definitely will be unable or unwilling to perform fully its gas sale contract with PPG. This state of affairs tends to indicate that a sufficiently concrete case or controversy exists between the parties and that the threatened harm is sufficiently imminent and certain that the prayer for an injunction is not premature. ***If Conoco's conduct in failing to supply the amounts of gas agreed upon constitutes a breach of contract–an issue which we, of course, do not decide–then an injunction might ultimately be a proper remedy.***

(emphasis added).

Unlike in *PPG Industries*, however, in the instant case, the claim for coercive relief cannot

be said to be *expressly* requested.  Indeed, as the magistrate judge pointed out in his Report, in its complaint, AIC requests declaratory relief at least <u>eight times</u>;[12] however, neither the word "injunction" nor the word "injunctive" is found in the complaint in any form beyond the sole reference to "injunctive relief" set forth in the penultimate paragraph of the complaint, wherein AIC seeks relief "enjoining" all defendants from making any claim against the subject AIC policies – a request that is neither express nor clear – which leads this Court to the next point; that is, the inability of the Court to grant the catch-all request for injunctive relief, and thus, the resultant hollow nature of the request itself.

      **b.**      **The injunctive relief sought by AIC is a remedy this Court lacks jurisdiction to grant**

The magistrate judge concluded AIC's coercive claim is "frivolous" as this Court cannot grant the requested remedy.  To wit, AIC seeks an injunction precluding any defendant in the federal lawsuit from seeking coverage or payment under AIC's policies - ostensibly in any fashion, for any purpose, and in any court, whether state or federal and throughout the United States.  The magistrate judge concluded this Court lacks the ability to grant such broad and vaguely-requested relief, and this Court agrees.  Indeed, this Court does not have jurisdiction to enjoin parties to the state court lawsuit from bringing a lawsuit in any state court to recover damages under AIC's policies and indeed, such a lawsuit is and remains pending in the Louisiana state courts. Furthermore, nowhere in AIC's complaint does it state where, how, or upon what possible authority this Court *could* enjoin such a lawsuit were it brought in another federal court, or in a state court.  Nor does the request specify how the Court should so limit a challenge to the policies– in state court alone?  Or in both

---

[12] Rec. Doc. 1 at 1, introductory paragraph; Rec. Doc. 1 at 5, ¶ 20; Rec. Doc. 1 at 6, title; Rec. Doc. 1 at 14, title; Rec. Doc. 1 at 17, title; Rec. Doc. 1 at 18, ¶ 36; Rec. Doc. 1 at 18, ¶ 37; Rec. Doc. 1 at 18, prayer.

state and federal court?  No clarification is provided, arguably because the single reference to injunctive relief was likely more the result of a hollow "catch-all," than a legitimate, well considered request.

The likely scenario under which this Court has, in the past properly enjoined a lawsuit or claim by a party was to enjoin the filing of a lawsuit <u>in this Court</u>, *only*,  by a *pro se* petitioner who had engaged in an abuse of process and been previously sanctioned -- an action specifically allowed for by the appellate courts.  Thus, even as to suits brought *in this Court*, before this judge, very narrow circumstances govern – none of which have been presented here – before this Court would be permitted to enjoin the filing of a lawsuit.

This Court's conclusion that a remedy of the nature suggested by defendants' homage to injunctive relief cannot be granted, is bolstered by the unpublished Fifth Circuit's decision in *Trent v. National City Bank of Indiana*, 145 Fed. Appx. 896, 898, 2005 WL 1990208 (5th Cir. 1005).[13]  In *Trent*, the district court reviewed an amended complaint which contained both declaratory relief and a request for coercive relief against a trustee – namely, the return of funds to certain heirs or, alternatively, to a named succession – and found because it did not have *jurisdiction* to grant the requested relief, the request for that relief was frivolous.  Therefore, the court concluded it was not required to retain jurisdiction over the lawsuit, as the case involved declaratory relief only.  On appeal, the Fifth Circuit stated:

> In reviewing the complaint, we agree with the district court's assessment of the claims presented by Trent. When a party seeks both coercive and declaratory relief, we may still apply *Brillhart* if the request for coercive relief is "frivolous." ***Here, the coercive relief requested, namely the return of funds to the "heirs or to the Succession of Marie Dorothy Koffenberger" is frivolous because the federal court "has no jurisdiction to probate a will or administer an estate."  Since restitution***

---

[13]*See* fn 11.

> *of the funds would effectively require the court to interfere with the probate*
> *proceedings and administer the estate, we hold that the coercive relief requested*
> *is frivolous and the amended complaint is solely an action for declaratory relief.*

(internal citations omitted) (emphasis added).  Considering the foregoing, the Fifth Circuit held the

district court did not abuse its discretion in abstaining from the action and dismissing the complaint.

2005 WL 1990208 at *2.

Similarly, in the instant case, this Court has no *jurisdiction* to enjoin any party from

challenging any aspects of coverage under the subject AIC policies in *any court* whether another

federal or a state court, as is evidenced by the filing and current pendency of a lawsuit in state court

among many of the same parties to the instant lawsuit, and wherein at least one of the claims pending

seeks coverage under the subject policies.  The filing of such a request and the jurisprudence

addressing the validity of such filings once made, evinces the hollow futility of the homage paid to

"injunctive" relief in the one paragraph of defendants' complaint.

Considering the foregoing, this Court concludes the coercive relief requested in AIC's

complaint is "frivolous," or otherwise "wanting in equity."  As such, this Court agrees with the

magistrate judge that the AIC's lawsuit is purely declaratory in nature, and, as such, this Court is

afforded much discretion in determining whether to retain jurisdiction over it, and that determination

is properly guided by the framework set forth in *Wilton/Brillhart*.

c.     **Application of the *Wilton/Brillhart* factors**

Although AIC objects to the magistrate judge's wholesale application of the *Wilton/Brillhart*

factors as the improper standard, it does not, in its objection, object to the specific application of any

one factor or argue the specific findings made by the magistrate judge with respect to each factor are

incorrect.  Rather, AIC adopts its previous argument, contained within its opposition [Doc. 21] to

the defendants' original motion to dismiss, which argues the application of the *Colorado River* factors and is, therefore, inapposite.

Despite the lack of specific objection to the magistrate judge's application of each specific factor under the *Wilton/Brillhart* standard, this Court under its *de novo* review, has reviewed and considered each of the *Wilton/Brillhart* factors as applied by the magistrate judge and concludes the magistrate judge properly applied the factors and properly concluded the dispute between the parties can better be settled in the related proceeding that is pending in Louisiana state court. This Court, also, finds the magistrate judge's recommendation to dismiss this matter without prejudice is supported by the applicable caselaw.[14] As the magistrate judge noted:

> There is a pending state court action in which all of the matters presented in this lawsuit may be fully litigated. In this case, a determination will be made in the Vermilion Parish lawsuit concerning whether the Blanchets were damaged as a result of Boudreaux's or HSB's actions or omissions and, if so, the nature of the damages so sustained. It would serve no useful purpose for the court to conduct further proceedings until those issues are resolved. As the Vermilion Parish lawsuit is now postured, with the Blanchets having asserted a claim against AIC, the state court will also be called upon to determine if the Blanchets' claims are covered under AIC's policy. Proceeding to trial in this forum might lead to a ruling that ultimately turns out to be inconsistent with the state court's ruling, creating unnecessary issues and unnecessarily complicating the procedural posture of both lawsuits. After careful consideration, this Court finds that permitting the underlying litigation to proceed unimpeded would be the better course of action. Therefore, to the extent that this action is one that should be analyzed under the *Wilton/Brillhart* standard, the undersigned recommends that the court exercise its discretion and decline to proceed further, dismissing this action without prejudice.

Concluding that a dismissal without prejudice is the proper course of action, this Court ADOPTS the recommendation of the magistrate judge and *sua sponte* DISMISSES the instant

---

[14] See, e.g., *Clarendon America Ins. Co. v. Faulk & Foster Real Estate Services*, No. 08-4286, 2009 WL 511308, at *3 (E.D. La. Feb. 27, 2009) ("the Court's broad discretion allows it to *sua sponte* dismiss this action in lieu of staying it.") See, also, *Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371, 373 (5th Cir. 1998) (acknowledging without disapproval that district court dismissed declaratory judgment action *sua sponte*); *Houston Gen. Ins. Co. v. Taylor Lumber & Treating, Inc.*, No. CIV. A. 96-1523, 1997 WL 40633, at *3 (E.D. La. Jan. 30, 1997) (dismissing suit *sua sponte*).

lawsuit WITHOUT PREJUDICE.

Considering the foregoing,

IT IS ORDERED that the "Motion to Dismiss or Alternatively, Motion to Stay Action" [Doc. 14] is GRANTED IN PART AND DENIED IN PART. That portion of the motion seeking to dismiss the claims of AIC for failure to state a claim under the Declaratory Judgment Act is DENIED for the reasons stated in the Ruling. Defendants' alternative request for relief – that the instant action be stayed pending a final judgment in the underlying state lawsuit in accordance with the standards enunciated in *Wilton* and *Brillhart*, *infra*. – is DENIED AS MOOT, this Court concluding in its discretion that the instant case should be DISMISSED WITHOUT PREJUDICE for the reasons stated herein and for the reasons stated in the magistrate judge's Report and Recommendation. Thus, to the extent that this Court is granting the instant motion to dismiss -- albeit *sua sponte* under the *Wilton/Brillhart* doctrine -- the motion to dismiss is GRANTED IN PART.

IT IS FURTHER ORDERED the parties shall submit a proposed judgment, approved as to form, within ten (10) days of the date of this Ruling.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___2.2___ day of July, 2013.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE